OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

July 26, 2002

The Honorable Juan J. Hinojosa
Chair, House Committee on
  Criminal Jurisprudence
Texas House of Representatives
P.O. Box 2910
Austin, Texas 78768-2910

Opinion No. JC-0534

Re: Application of section 1704.302, Texas Occupations Code, to an employee of a family-owned bail bond business when the business is purchased by another relative (RQ-0507-JC)

Dear Representative Hinojosa:

You have asked this office for an interpretation of section 1704.302 of the Texas Occupations Code, forbidding the employment of a convicted felon by a licensed bail bondsman, in light of a particular factual situation. This office does not make factual determinations in the opinion process. Accordingly, we will assume the facts as you give them for the purpose of interpreting the statute. We caution, however, that to the extent the legal resolution of any particular situation depends upon specific factual determinations, our advisory opinion cannot resolve it.

Your question concerns a person who has been "employed in the bail bond business for a lengthy period of time."[1] You inform us that during this employment this person was convicted of a felony. As we understand it, he had been employed for some years in his father's bail bond business before the change in the Occupations Code forbidding the employment of felons made by section 1704.302 became effective on September 1, 2001, and before his father's death on September 27, 2001.[2] Since that time, the family business in which he was employed has been purchased by another relative. Your question is whether the "grandfather" clause of the act that amended section 1704.302 permits a person in the situation described to remain employed in this particular bail bond business. We conclude that, given the language of the "grandfather" clause of Senate Bill 1119 of the Seventy-seventh Texas Legislature, which enacted the amendment to section 1704.302 in question, and assuming this is indeed the only relevant consideration, the person may continue in his employment despite the change in ownership of the family business. *See* Act of May 27, 2001, 77th Leg., R.S., ch. 1262, § 1, sec. 17, 2001 Tex. Gen. Laws 2996, 3001.

---

[1]Letter from Honorable Juan J. Hinojosa, Chair, House Committee on Criminal Jurisprudence, Texas House of Representatives, to Honorable John Cornyn, Texas Attorney General (Feb. 4, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]Telephone Conversation with Elva Escalon, District Director, Office of Honorable Juan J. Hinojosa (June 6, 2002).

Section 1704.302(c) of the Occupations Code was added as part of Senate Bill 1119 by the Seventy-seventh Legislature, and provides:

> (c) A person may not accept or receive from a license holder money, property, or any other thing of value as payment for employment with a bonding business if, within the preceding 10 years, the person has been convicted of a misdemeanor involving moral turpitude or of a felony.

TEX. OCC. CODE ANN. § 1704.302(c) (Vernon 2002).

By its terms, then, section 1704.302(c) prohibits the employment by a bail bond business of a person convicted within the past ten years of a felony or misdemeanor involving moral turpitude. Accordingly, a convicted felon would not be employable by such a business were it not for another provision of Senate Bill 1119, section 17, which provides:

> The change in law made by this Act to Subsection (c), Section 1704.302, Occupations Code, applies only to a person employed by a bonding business after the effective date of this Act.

Act of May 27, 2001, 77th Leg., R.S., ch. 1262, § 1, sec. 17, 2001 Tex. Gen. Laws 2996, 3001. The effective date of Senate Bill 1119 was September 1, 2001.

We read section 17 as a "grandfather" clause, permitting those persons whose employment by a bonding business was legal before the enactment of section 1704.302(c) to continue in their employment, but prohibiting the employment, in the sense of hiring, of any person barred by subsection (c) after September 1, 2001. While the word "employed" in section 17 might conceivably be read in a broader sense, to read it so would in effect mean that the section was applicable only after its effective date, a truism and therefore surplusage. We are, however, obliged to prefer a reading of statutory language that does not have such an effect. *See* TEX. GOV'T CODE ANN. § 311.021(2) (Vernon 1998) (entire statute presumably intended to be effective); *Perkins v. State*, 367 S.W.2d 140, 146 (Tex. 1963).

We note that the relevant language in section 17 is "employed by a bonding business" rather than "employed by a license holder." While there is no relevant legislative history explaining this language, we read it, given the use of the indefinite article, to refer to a particular bonding business rather than to employment in the bail bond industry generally. Further, that a "bonding business" may continue in existence as the same entity after the death of a "license holder" is confirmed by section 3 of Senate Bill 1119, which amends section 1704.152 of the Occupations Code and provides that certain licensing requirements do not apply to "an individual who applies to operate *the bail bond business of a license holder* who has died" if the individual is that license holder's spouse or is related to the decedent "within the first degree by consanguinity." TEX. OCC. CODE ANN. § 1704.152(c)(2) (Vernon 2002) (emphasis added). As we understand the situation you describe,

the bonding business in question remains the same, although ownership of it has changed hands within the same family. Request Letter, *supra* note 1, at 1.

In light of the distinction in the statutory language between "license holder" in subsection (c) and "bonding business" in section 17, it might be argued that, given that there is now a new license holder, that license holder may not pay the person in question. Such a reading is not consistent with section 17. Section 17 asserts that the stricture of subsection (c) applies only to a person employed after the effective date by a bonding business. Consequently, subsection (c) does not apply to a person employed before that date. The person in question was employed by this continuing family business before the effective date of the statute and before the death of the original license holder. That being the case, pursuant to section 17 of Senate Bill 1119, the change in law which would prevent the person in question from being hired by any other bonding business would not require that he be barred from the job he already has.

### S U M M A R Y

Section 1704.302(c) of the Texas Occupations Code, as amended by Senate Bill 1119 of the Seventy-seventh Texas Legislature, prohibits the employment of a convicted felon by a bail bonding business unless that person was employed by the business before the section's effective date. A person whose continued employment by a family-owned bail bonding business is permissible despite the amendment of section 1704.302(c) of the Occupations Code does not forfeit that status solely because the business in which he is employed changes hands within the family.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

HOWARD G. BALDWIN, JR.
First Assistant Attorney General

NANCY FULLER
Deputy Attorney General - General Counsel

SUSAN DENMON GUSKY
Chair, Opinion Committee

James E. Tourtelott
Assistant Attorney General, Opinion Committee